**ROYAL EMBASSY OF SAUDI ARABIA, Plaintiff,**

v.

**STEAMSHIP MOUNT DIRFYS, its engines, boilers, etc., et al., Defendants.**

**No. 79–41–CIV–7.**

United States District Court, E. D. North Carolina, Wilmington Division.

Nov. 23, 1981.

George T. Clark, Jr., Wilmington, N. C., Bigham, Englar, Jones & Houston, New York City, for plaintiff.

John R. Newton, Wilmington, N. C., for Mt. Dirfys and Ashton Shipping.

James B. Swails, Wilmington, N. C., Walter B. Martin, Norfolk, Va., for Transamerica.

Daniel L. Brawley, Wilmington, N. C., for Wilmington Shipping.

John F. Crossley, Wilmington, N. C., Thatcher, Proffitt & Wood, New York City, for Master Marine.

## ORDER

BRITT, District Judge.

Defendant and third-party plaintiff, Wilmington Shipping Company, moves the Court to compel the production of a document by defendant, Ashton Shipping Company, pursuant to Rule 37, Fed.R.Civ.P. Both parties having filed memoranda with the Court, the matter is ripe for disposition.

The document sought is a report made by the Master of the S/S MOUNT DIRFYS, the vessel which is the subject matter of this litigation. The report of the Master was in the form of a statement taken by G. Michael Price, an attorney representing the owners and underwriters of the ship. On 1 May 1979, after interviewing the Master, chief officer, third engineer and other crew members and subsequent to the filing of the complaint in this case, Price took the statement of the Master which the chief officer and third engineer verified as true. The Master was subsequently deposed. No one has been able to locate the chief officer or third engineer, as they are no longer employed by defendant.

## DISCUSSION

This motion and the situation surrounding it present an issue of great concern to the legal profession. When a party seeks an individual's statement given to an attorney representing his interest in anticipated litigation, the scope of the attorney-client privilege or, in the alternative, the attorney work-product rule,[1] comes into play. *See* Fed.R.Evid. 501. Given the critical nature of this privilege, from both an historical and jurisprudential perspective, more than mere passing consideration must be given to the reasons behind this order.

The attorney-client privilege, the oldest common-law privilege protecting confidential communications, 8 Wigmore, Evidence § 2290 (McNaughton Rev. 1961), protects a fundamental policy of jurisprudence by encouraging clients to disclose all information to their attorneys. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1975). If the reasons for seeking the services of an attorney are to be fulfilled, the lawyer must be fully informed. *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980). Based on the important policy protected by this privilege, exceptions to it must be created in only the most compelling situations.

■ The statement requested in this case was made by a corporate employee, to a corporate attorney,[2] in the preparation of information contemplating the litigation of this matter. Corporate employees stand in the shoes of the entity for the purposes of this privilege. "[E]mployees can ... embroil the corporation in serious legal difficulties, and it is only natural that these employees would have the relevant information needed by corporate counsel if he is adequately to advise the client with respect to such actual or potential difficulties."

*Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981). The *Upjohn* decision solidifies the place of the privilege in relation to corporate employees, expanding its coverage to include information gleaned from non-management personnel during an attorney's investigation of matters relating to potential lawsuits.

■ While this Court recognizes the need for broad discovery authorized and protected by the rules of civil procedure, *see, e.g.,* Fed.R.Civ.P. 26, 37, and that the attorney-client privilege protects only communication not facts within the client's knowledge, *Upjohn*, 101 S.Ct. at 685, the statement involved herein, taken as a whole, must be classified a communication.[3] As such, it is privileged and, therefore, subject to disclosure only upon a showing of truly substantial need and undue hardship.

Several facts militate against a finding of undue hardship or prejudice to the requesting party. Most important is that the Master was made available and was deposed. Consequently, the parties have had the opportunity to question him concerning all facts within his knowledge.[4] No showing of a specific lack of information has been made. The Master is not *himself* available.

Additionally, third-party plaintiff raises the issue that the chief officer and third engineer apparently are unavailable and could be located, if at all, only through substantial hardship and expense. While the standard of hardship and inconvenience is quite high, *Upjohn*, 101 S.Ct. at 685–86, the Court finds it unnecessary to resolve the interesting issue of whether the requesting party has satisfied the *Upjohn* requirement. Since the allegedly unavailable employees merely *verified* the statement, without making independent disclosures,

---

1. Since the Court's disposition of the motion is controlled by the attorney-client privilege, it declines to reach the issue of attorney work-product.

2. Certainly the fact that the attorney represented the insurance carrier of the defendant shipping company would not change this finding that he was an attorney for the corporate entity.

3. To contend that the report, based at least in part on the questions of the investigating attorney, contains no conclusions or opinions of the Master would be a dubious assertion at best.

4. The Court understands from informal assurances of counsel in this case that he will testify at the trial.

the Court finds that third-party plaintiff has failed in the threshold criterion for disclosure; to wit, a substantial need for the statement. Obviously, the unavailability of persons who only verified the document hardly supports compelling disclosure of the document itself.

If an occasion arises where the statement might be needed for impeachment purposes, further inquiry might be in order. Recognition should be given, however, to the notion that the only information which is known to be in the statement concerned the degree to which the ship rolled. The Master stated in his deposition that a typographical error, as to the degree, appeared in the statement. All parties had an opportunity to question him regarding this issue. Thus, the existence *itself* of a prior statement, given to an attorney in the course of his investigation in the anticipation of litigation, creates no substantial need for disclosure of the statement. Third-party plaintiff's assertion that denying disclosure of such a statement would result in insurance adjusters and investigators having attorneys take all future similar statements, thereby cloaking them with the privilege and frustrating the purpose of broad discovery, is unfounded for two reasons. First, facts within the knowledge of a person are not protected by the rule. Second, the rule might not control where the person making the statement is unavailable, which is not the case here. While the discovery rules are broad they were "hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947).

## CONCLUSION

Denying discovery to a party is never a decision this Court makes lightly. Nevertheless, the attorney-client privilege is a cornerstone of the legal profession providing the foundation which girds the essence of counseling and advocacy itself, that is, the full, free, and confident disclosure of information to the lawyer by his client. If the effectiveness of an attorney's advice or advocacy diminishes, the judicial system ultimately suffers. As a consequence, the right to one's day in court becomes a potentially hollow right. Only if the survival and vitality of this privilege is guarded zealously will the system of advice and advocacy, cherished by attorneys and citizens alike, flourish.

Therefore, the motion to compel production of the statement is denied.

SO ORDERED.